IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 13-cv-01226-MSK

THULA MCCULLEY

    Plaintiff,

v.

EMICH DODGE, LLC, d/b/a Go Dodge Arapahoe;
CENTENNIAL AUTOMOTIVE, LLC, d/b/a Go Dodge Arapahoe; and
REAL ESTATE HOLDINGS, INC.,

    Defendants.

## ORDER REMANDING CASE

**THIS MATTER** comes before the Court *sua sponte* upon receipt of the Defendants' Notice of Removal **(#1)**. The Plaintiff, Thula McCulley, commenced this action in the Colorado District Court for Boulder County, asserting claims for negligence and premises liability. The Defendants removed the case to this Court, citing 28 U.S.C. § 1332 as the basis for jurisdiction.

A civil action is removable only if the plaintiff could have originally brought the action in federal court. 28 U.S.C. § 1441(a). The Court is required to remand "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Diversity jurisdiction under 28 U.S.C. § 1332 exists when the case involves a dispute between citizens of different states, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). As the party invoking the federal court's jurisdiction, the Defendants bear the burden of establishing that the requirements for the exercise of diversity jurisdiction are met. *See Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1079 (10th Cir. 1999).

In removed cases, the amount in controversy must be evident from the allegations of either the Complaint or the Notice of Removal.  *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995); *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

Here, neither the Complaint nor the Notice of Removal expressly quantifies the amount in controversy.  Instead, the Defendants rely solely on the "Civil Cover Sheet" preceding the Complaint to establish the amount in controversy.  On the cover sheet, the Plaintiff checked the box to indicate that she is seeking a monetary judgment in excess of $100,000, and thus the case is not subject to C.R.C.P. 16.1.

For the reasons stated in *Baker v. Sears Holdings Corp.*, 557 F.Supp.2d 1208 (D.Colo. 2007), the Court finds that, in the absence of additional facts, the Defendants' reliance on the Civil Cover Sheet is insufficient to establish the amount in controversy for purpose of establishing federal diversity jurisdiction.  Accordingly, the Court lacks subject matter jurisdiction over this action and the case must be remanded to the State Court.

**IT IS THEREFORE ORDERED** that the case is **REMANDED** to the Boulder County District Court.   The Clerk of the Court shall take appropriate action to accomplish the remand.

Dated this 23rd day of May, 2013.

                                    **BY THE COURT:**

                                    Marcia S. Krieger
                                    Chief United States District Judge